IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-102-D

| | | |
|---|---|---|
| RADIADYNE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| POLYZEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On December 23, 2011, RadiaDyne, L.L.C. ("plaintiff" or "RadiaDyne") filed suit against Polyzen, Inc. ("defendant" or "Polyzen") in the United States District Court for the Southern District of Texas [D.E. 1]. In its complaint, RadiaDyne accuses Polyzen of fraud, breach of contract, unfair competition, conversion, and trespass to chattels. Id.

On January 19, 2012, Polyzen filed a motion to either dismiss the suit or transfer the case. Mot. Dismiss or Transfer [D.E. 6]. Polyzen argued that the case should be transferred to North Carolina because the first-filed rule applied (based on Polyzen, Inc. v. RadiaDyne, L.L.C., 5:11-CV-00662-D, [D.E. 1] (E.D.N.C. Nov. 21, 2011)). See Mot. Dismiss or Transfer 4–8. Alternatively, Polyzen argued that the case should be (1) transferred in the interest of judicial economy, or, (2) dismissed because the District Court for the Southern District of Texas lacked personal jurisdiction over Polyzen and thus was an improper venue. Id. 9–15. On February 8, 2012, RadiaDyne responded in opposition to Polyzen's motion [D.E. 7]. On February 21, 2012, Polyzen replied [D.E. 8].

On February 21, 2012, the Honorable Nancy F. Atlas of the Southern District of Texas

issued a memorandum and order granting Polyzen's motion to transfer based on the first-filed rule [D.E. 9]. On February 24, 2012, the case was transferred to the Eastern District of North Carolina [D.E. 10–11]. The case was assigned to this court on March 5, 2012 [D.E. 16].

The District Court for the Southern District of Texas granted Polyzen's motion to transfer, but did not rule on Polyzen's motion to dismiss. See [D.E. 9]. Polyzen moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3). See Mot. Dismiss of Transfer 10–15. Polyzen's arguments for improper venue and lack of personal jurisdiction are based solely on the case being in the Southern District of Texas. See id. The case is no longer in the Southern District of Texas, and Polyzen does not challenge venue or personal jurisdiction with respect to this court. Accordingly, Polyzen's motion to dismiss is moot.

In sum, the court DENIES AS MOOT Polyzen's motion to dismiss [D.E. 6].

SO ORDERED. This _3_ day of May 2012.

JAMES C. DEVER III
Chief United States District Judge